**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bahig Saliba, et al.,<br><br>                     Plaintiffs,<br>vs.<br><br>Federal Aviation Administrator,<br>                     Defendant. | No. CV-24-02673-PHX-SPL<br><br>**ORDER** |

        Before the Court is Defendant Federal Aviation Administrator's ("Defendant's") Motion for Rule 41 Involuntary Dismissal (Doc. 27), Plaintiffs' Response (Doc. 28), and Defendant's Reply (Doc. 30).

        Federal Rule of Civil Procedure ("Rule") 41 provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Defendant argues that Plaintiffs' case should be dismissed for failure to comply with this Court's February 7, 2025 Order (Doc. 21) regarding a more definite statement. (Doc. 27 at 1). Alternatively, if this Court does not grant the dismissal, Defendant asks that it issue "an order providing Plaintiffs with a second and final chance to comply with the Court's first order regarding a more definite statement." (*Id.*).

        In its Order (Doc. 21) granting Defendant's Motion for More Definite Statement, this Court noted that "[m]ere vagueness is generally not grounds for dismissal. Thus, a motion for a more definite statement should not be granted unless a defendant 'literally

cannot frame a responsive pleading.'" *Daimler AG v. A-Z Wheels LLC*, 2017 WL 9854427, at *3 (S.D. Cal. Nov. 27, 2017) (internal citations and quotation omitted). Although the Court agreed with Defendant that Plaintiffs' First Amended Complaint "suffer[ed] from a level of unintelligibility that would render it impossible for any Defendant to be certain they have responded to each of the Plaintiffs' claims," (Doc. 21 at 3), Plaintiffs' Second Amended Complaint ("SAC"), although vague and conclusory, is not so unintelligible that Defendant cannot frame a response. Plaintiffs' SAC at least attempts to organize its contents into three discrete claims (Doc. 26 at 2, 5, 7) and requests particularized relief based on those claims (*id.* at 26).

Though the Court appreciates that Defendant would certainly benefit from a more sophisticated complaint, this Court must abide by the maxim that "[a] document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (citations omitted). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To the extent that Defendant argues that the SAC is otherwise deficient because Plaintiffs lack Article III standing or have failed to state a claim, those arguments are properly reserved for Rule 12 motions to dismiss, not a motion under Rule 41. (Doc. 27 at 3). And although the Court agrees that Plaintiffs "utterly ignored" this Court's admonishment to comply with Rule 10 by organizing their SAC into numbered paragraphs, the Court does not find that this error alone warrants an order for Plaintiffs to file a Third Amended Complaint.

Accordingly,

**IT IS ORDERED** that Defendant Federal Aviation Administrator's Motion for Rule 41 Involuntary Dismissal (Doc. 27) is **denied**. Defendant must file its answer or other responsive pleading under Rule 12 within **fourteen (14) days** of this Order.

Dated this 20th day of March, 2025.

Honorable Steven P. Logan
United States District Judge