1  **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8   Bahig Saliba, et al.,                    )    No.  CV-24-02673-PHX-SPL
                                             )
9                                            )
                         Plaintiffs,         )    **ORDER**
10  vs.                                      )
                                             )
11                                           )
    Federal Aviation Administrator,          )
12                                           )
                                             )
13                       Defendant.          )
                                             )
14  _____ )

15         Before the Court is Defendant's Motion to Dismiss (Doc. 32), Defendant's

16  Supplement to its Motion to Dismiss (Doc. 33), Plaintiffs' Response (Doc. 34), and

17  Defendant's Reply (Doc. 35). The Court now rules as follows.

18  **I.      BACKGROUND**

19         Pro se Plaintiffs Bahig Saliba and Mark Charles Bashaw (collectively, "Plaintiffs")

20  filed this suit against Defendant Federal Aviation Administrator ("Defendant")[1] on October

21  4, 2024, and filed the operative Second Amended Complaint ("SAC") on March 7, 2025.

22  (Doc. 26). The Court finds the SAC difficult to decipher, similar to Plaintiffs' previous

23  filings. (*See* Doc. 21 (granting Defendant's Motion for More Definite Statement due to the

24  Amended Complaint's unintelligibility)). Additionally, the Court notes that Plaintiffs'

25  SAC fails to comply with the Federal and Local Rules of Civil Procedure by (1) attempting

26  _____

27         [1] Pursuant to Fed. R. Civ. P. 25(d), Acting Federal Aviation Administrator Chris
    Rocheleau has been substituted, in his official capacity, as the Defendant in this action.
28  (Doc. 22).

to incorporate by reference parts of their previous pleadings by directing the Court to take note of details in previous filings, (2) failing to attach a copy of the amended pleading that indicates how it differs from the pleading which it amends, and (3) failing to state their claims and defenses in numbered paragraphs. *See, e.g.*, LRCiv. 15.1(b) (requiring parties to file a copy of amended pleadings indicating its differences from the initial pleading and prohibiting the amended pleading from incorporating by reference "any part of the preceding pleading, including exhibits"); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). In doing so, Plaintiffs disregard this Court's February 7, 2025 Order granting Defendant's Motion for More Definite Statement, in which the Court directed Plaintiffs that as pro se litigants, they must become familiar, and comply, with the Rules of Civil Procedure and the Local Rules of Practice for the District Court for the District of Arizona. (Doc. 21 at 3 (citing *Oliver v. Long*, 2007 WL 623783, at *1 (D. Ariz. Feb. 23, 2007)); *see also King v. Atiyeh*, 814 F.2d 56, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

However, to the extent the Court is able to parse through Plaintiffs' SAC, it ascertains the following: Plaintiffs' suit arises out of concerns they raised with the Federal Aviation Administration ("FAA") regarding American Airlines and other air carriers' handling of COVID-19 vaccine mandates. Plaintiff Saliba is or was an American Airlines pilot. (Doc. 26 at 17; Doc. 34 at 33). Plaintiffs allege that Plaintiff Saliba filed a complaint with the FAA on November 21, 2023, pursuant to the Federal Aviation Act § 1002(a), reporting that American Airlines had committed serious and continued aviation law violations by forcing him to accept a medical procedure, the "experimental vaccination against covid19." (Doc. 26 at 2, 17). The Federal Aviation Act of 1958, which has been superseded by 49 U.S.C. § 40101 *et seq.*, provides that any person may file a complaint with the FAA Administrator to report a violation of an FAA regulation. *See* 49 U.S.C. § 46101; (Doc. 26 at 2). Plaintiff Saliba filed another complaint with the FAA on January 11, 2024, and subsequently provided supplemental filings to his complaints that included

allegations of similar violations committed by other air carriers. (Doc. 26 at 2–3). The FAA allegedly forwarded these complaints to the FAA Surgeon General Office or FAA Aeromedical Office. (*Id.* at 3). Plaintiffs assert that Plaintiff Bashaw similarly filed a complaint with the FAA citing the same alleged violations. (*Id.* at 4). Afterwards, the FAA Surgeon General informed Plaintiffs that the agency planned to take no further action at this time with respect to their complaints and have since failed to resolve the complaints. (*Id.* at 3–4).

Plaintiffs allege that in failing to properly address their complaints, Defendant has violated its duties to investigate complaints under the Federal Administration Act § 1002(a). (*Id.* at 4). Additionally, Plaintiffs appear to allege that an air carrier, American Airlines, interfered with Plaintiff Saliba's right to compensation by interfering with his FAA medical certification standards—in other words, American Airlines threatened to terminate Plaintiff Saliba's employment if he failed to comply with updated vaccination standards. (*Id.* at 6–7; Doc. 26-1 at 6). By failing to investigate or otherwise address this alleged interference, Plaintiffs allege that Defendant violated its "duty to investigate and provide due process for the air carrier violation of Saliba's right to compensation." (Doc. 26 at 6–7). Plaintiffs also appear to assert that Defendant's failure to investigate violated its duty to "reduce or eliminate the possibility or recurrence of accidents in air transportation," in light of the alleged increased risk of accidents posed by potential complications suffered by pilots after receiving mandated COVID-19 vaccines. (*Id.* at 26–27; Doc. 34 at 2).

Plaintiffs' Second Amended Complaint seeks a writ of mandamus and asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1361. (Doc. 26). Plaintiffs request that this Court order the Federal Aviation Administrator to (1) comply with the Federal Aviation Act of 1958, Title X §§ 1002(a) and (b); (2) investigate Plaintiff Saliba's right to compensation and due process or to relinquish such right of action to Plaintiff Saliba; (3) expand the investigation to include all air carriers, aircraft manufacturers, pilot unions, and FAA agents and personnel; and (4) suspend the authorization of Novel mRNA

platformed drugs until further studies are completed and revoke the "authority for use of such drugs by pilots in commercial air transportation. (*Id.* at 27). Plaintiffs also request the Court "to appoint them as the main advisors to the investigating personnel and to require the FAA Administrator provide investigation progress reports to this Court on a scheduled basis." (*Id.*)

## II.    LEGAL STANDARD

Rule 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (quotation omitted). "Allegations raised under Rule 12(b)(1) should be addressed before other reasons for dismissal because if the complaint is dismissed for lack of subject matter jurisdiction, other defenses raised become moot." *Id.* at 954. "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006); *see also Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria*, 452 F. Supp. 2d at 919. "When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact." *Id.* "A plaintiff has the burden of proving that jurisdiction does in fact exist." *Id.*

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave Cnty.*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8

and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Secs. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc*., 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.    DISCUSSION

Defendant moves to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Docs. 32, 33). Defendant argues that Plaintiffs have no valid claim for relief because this Court lacks jurisdiction to order a federal executive agency to conduct an investigation into third parties. (Doc. 32 at 4). Specifically, Defendant argues that Plaintiffs (1) Plaintiffs lack constitutional standing to bring a claim as they have suffered no "injury in fact," (2) the Court lacks subject matter jurisdiction over Plaintiffs' mandamus claims, and (3) to the extent Plaintiffs rely on the Federal Aviation Act of 1958 as a basis of subject matter jurisdiction, that statute is defunct.[2] (*Id*. at 4, 8–9).

---

[2] It is the Court's understanding that Plaintiffs assert subject matter jurisdiction pursuant to the federal mandamus statute, 28 U.S.C. § 1361. (*See* Doc. 26 at 2). However, to the extent Plaintiffs seek to assert subject matter jurisdiction under the Federal Aviation Act, the Court notes that the Federal Aviation Act does not provide a private right of action. *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc*., 958 F.2d 896, 902 (9th Cir. 1992) ("[W]e have previously held that there is no implied private right of action under the

5

### a. Mandamus Jurisdiction

Federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Hurtadodominguez v. United States*, 1:25-CV-00434-CDB (HC), 2025 WL 1150955, at *1 (E.D. Cal. Apr. 18, 2025), *report and recommendation adopted*, 1:25-CV-00434-JLT-CDB (HC), 2025 WL 1400194 (E.D. Cal. May 14, 2025) (citing *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998)). "Further, 'even if the test is met, the district court still retains the discretion to deny relief.'" *Id*. (citing *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003)). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Dahl v. Dickson*, CV 19-3267 (ABJ), 2020 WL 6887925, at *5 (D.D.C. Nov. 24, 2020) (citing *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016))); *see also El Centro Reg'l Med. Ctr. v. Blinken, 321CV00361DMSBDD*, 2021 WL 3141205, at *3 (S.D. Cal. July 26, 2021) ("In addition to providing the substantive requirements for mandamus relief, these requirements also provide the test for jurisdiction under the Mandamus Act.").

First, the Court notes that Plaintiffs' claims are far from clear and certain. "A claim is 'clear and certain' if the plaintiff has a legal entitlement to the relief sought." *El Centro Reg'l Med. Ctr.*, 2021 WL 3141205, at *3 (citing *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003)). Plaintiffs' SAC is difficult to understand, and it is unclear what factual allegations pertain to which legal claims. The specific Federal Aviation Act of 1958 provisions the Plaintiffs seek to compel action under are now defunct, and even where the executive agency functions Plaintiffs seek to compel have been subsumed into the existing

---

Federal Aviation Act. We reach the same conclusion here, particularly where plaintiff's claim is grounded in the regulations rather than the statute itself.") (citation omitted). As such, the Court cannot exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

U.S. Transportation Code, 49 U.S.C. § 40101 et seq., Plaintiffs still do not have a private right of action against the FAA. *See generally Drake v. Lab. Corp. of Am. Holdings*, 458 F.3d 48, 57 (2d Cir. 2006) ("The remedies provided by the Act do not include a private right of action for violations of FAA regulations."); *Schmeling v. NORDAM*, 97 F.3d 1336, 1344 (10th Cir. 1996) (finding no private right of action to enforce FAA regulations). Moreover, as further discussed below, Plaintiffs are not legally entitled to any of the relief they seek, because the agency functions they seek to compel are well-established as discretionary duties outside of the realm of this Court's mandamus authority.

To that end, as to the second prong, the Court finds that Plaintiffs request the Court to compel Defendant to act with respect to discretionary duties. The Supreme Court has long recognized "that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (collecting cases). Similarly, it is widely accepted that an agency's decision to not investigate typically falls within its discretionary duties. *See generally id.* (discussing judiciary's unsuitability for review of such decisions because "an agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise."); *Barron v. Reich*, 13 F.3d 1370, 1375 (9th Cir. 1994) (discussing language that may be necessary to warrant issuance of a writ to investigate and bring enforcement action). The statutory language Plaintiffs seek to compel agency action under reflects this discretion: pursuant to 49 U.S.C. § 46101(3), the FAA Administrator "*may* dismiss a complaint without a hearing when . . . [he] is of the *opinion* that the complaint does not state facts that warrant an investigation or action." 49 U.S.C. § 46101(3) (emphasis added). Thus, to the extent Plaintiffs assert that Defendant violated a duty to investigate Plaintiffs' claims or enforce Plaintiff Saliba's alleged due process rights, the Court finds that this duty is a discretionary function dependent on Defendant's *opinion* of whether an investigation or further action is warranted.

Moreover, to the extent Plaintiffs argue that Defendant is violating a duty to "reduce

or eliminate the possibility or recurrence of accidents in air transportation," (Doc. 34 at 2), the Ninth Circuit has found that FAA regulatory activity pertaining to safety procedures and policies qualifies as a discretionary function. *See West v. F.A.A.*, 830 F.2d 1044, 1047 (9th Cir. 1987); *see also Ass'n of Flight Attendants-CWA v. Chao,* 493 F.3d 155, 158 (D.C. Cir. 2007) (finding that "the FAA ha[s] broad authority and discretion, granted by Congress, to gather facts and apply their expertise to establish standards and regulations" with respect to aircraft health and safety regulations). Thus, the Court has no authority to compel Defendant with respect to the FAA's health and safety regulations.

Lastly, to the extent that Plaintiffs request that the Court appoint them as advisors and order Defendant to provide progress reports regarding their requested investigations, the Court lacks authority to do so. Plaintiffs cite no legal authority that allows the judiciary to subsume the political process and executive branch's authority by appointing members of an executive branch agency and requiring that agency to report to the Court for oversight of its discretionary functions.

Because Plaintiffs have not established that Defendant failed to perform a nondiscretionary duty or impermissibly deviated from the boundaries of his discretion, the Court need not decide whether Plaintiffs satisfy the other requirement of the mandamus test (e.g., availability of other relief). *Barron v. Reich*, 13 F.3d at 1376 n.4. Accordingly, the Court cannot exercise mandamus jurisdiction over Plaintiffs' claims. Plaintiffs have not identified another basis for this Court to exercise subject-matter jurisdiction over their claims. As such, this case must be dismissed, and the Court finds it unnecessary to address Defendant's other arguments for dismissal.

**IV.    CONCLUSION**

A plaintiff should be granted leave to amend if it appears possible that the defects in the complaint could be corrected, especially if the plaintiff is proceeding pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the

deficiencies of the complaint could not be cured by amendment.") (citation omitted).

Here, notwithstanding Plaintiffs' pro se status, the Court finds that leave to amend would be futile. Despite multiple attempts, Plaintiffs have failed to plead a short and plain statement showing that the Court has jurisdiction and that they are entitled to relief. Fed. R. Civ. P. 8(a). Plaintiffs refused to comply with the federal and local rules of procedure nor this Court's directions regarding the requirements for a properly pleaded complaint under Fed. R. Civ. P. 8 and 10. (Doc. 21 at 2). Most importantly, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1361, and as such, dismissal is both appropriate and necessary. Here, as no additional facts consistent with the claims of the SAC could cure this defect, Plaintiffs will not be given leave to amend. Accordingly,

**IT IS ORDERED** that Defendant Federal Aviation Administrator's Motion to Dismiss (Doc. 32) is **granted.**

**IT IS FURTHER ORDERED** that this action is **dismissed** in its entirety without prejudice, and that the Clerk of Court shall **terminate** this action.

Dated this 27th day of May, 2025.

Honorable Steven P. Logan
United States District Judge